**In re Kevin Charles WHITE, Debtor.**

**Wendy Wisler a/k/a Wendy White, Movant,**

v.

**Kevin Charles White, Respondent.**

**No. 07–24702–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 10, 2008.

---

Brian P. Cavanaugh, Stewart McArdle & Sorice, LLC, Greensburg, PA, for Debtor.

## MEMORANDUM

### Related to Doc. No. 18.

M. BRUCE McCULLOUGH,
Bankruptcy Judge.

**AND NOW,** this **10th day of March, 2008,** upon consideration of

(a) the Motion for Relief [from] Stay and Bankruptcy Discharge, which motion is filed by Wendy Wisler (hereafter "Wisler"), wherein Wisler essentially seeks (i) relief from stay so that the Pennsylvania Court of Common Pleas, Beaver County, may then adjudicate equitable distribution rights regarding, *inter alia,* real property located at 667 Ridge Road, Georgetown, PA 15043, and (ii) to have the Chapter 7 discharge of Kevin White, the instant debtor (hereafter "the Debtor"), either denied (and then have his bankruptcy case dismissed) or revoked; and

(b) the response to Wisler's motion by the Debtor, wherein the Debtor (i) consents to the grant of the stay relief sought by Wisler, (ii) concedes that there may be certain obligations that are owed to Wisler by the Debtor that stem from their marriage, and that such obligations are not dischargeable pursuant to 11 U.S.C. § 523(a)(5) and (a)(15), and (iii) thus consents to the entry of an order by this Court to the effect, *inter alia,* "that any domestic support obligation owed by the ... [Debtor] to ... [Wisler] AND any equitable award of marital/non-marital proper-

ty determined by the Court of Common Pleas of Beaver County, Pennsylvania ... [is] non-dischargeable;"

and after notice and a hearing on Wisler's motion, which hearing was held on March 6, 2008;

and in light of the following findings of fact, statements of relevant law, and/or conclusions of law, to wit:

■ (a) pursuant to 11 U.S.C. § 362(c)(2)(C), the automatic stay in a bankruptcy case—provided that such case remains open—is generally terminated when a Chapter 7 discharge is granted;

(b) the Debtor has already been granted a Chapter 7 discharge, which discharge (i) was granted on October 24, 2007, *see* Doc. No. 15, (ii) has not been rescinded to date even though the Court, by Order dated October 24, 2007, vacated the entry of the final decree in, and thereby reopened, the instant bankruptcy case, *see* Doc. No. 19 (the Court did not, by such October 24, 2007 Order, rescind the grant of the Debtor's Chapter 7 discharge), and (iii) thus remains, and shall remain, effective;

(c) therefore, the automatic stay in the instant bankruptcy case, as a general matter, has already terminated;

(d) pursuant to 11 U.S.C. § 362(c)(1), the automatic stay in a bankruptcy case as it regards, in particular, acts against property of a debtor's bankruptcy estate, terminates when such property ceases to constitute property of such estate;

(e) the Georgetown, PA realty in question no longer constitutes property of the Debtor's bankruptcy estate—such realty ceased to constitute such estate property when it was abandoned out to the Debtor pursuant to 11 U.S.C. § 554(c), which abandon-

ment (i) occurred when the Debtor's bankruptcy case was initially closed and such realty had not then been administered by the Chapter 7 Trustee in such case, and (ii) was not negated, reversed, or revoked merely on account of the instant case being reopened, *see In re Woods*, 173 F.3d 770, 777 (10th Cir.1999);

(f) therefore, the automatic stay in the instant bankruptcy case, as the same pertains, in particular, to acts against the Georgetown, PA realty, has also already terminated;

(g) such termination of the automatic stay in the instant bankruptcy case, as just set forth, renders moot Wisler's stay relief request at this time (i.e., without a stay that exists and is in place, there is no stay from which to grant relief);

■ (h) Wisler contends that the Debtor's Chapter 7 discharge should be denied or revoked on the ground that the Debtor allegedly committed fraud when he entered into an alleged pre-petition contract with Wisler, which contract was entered into, if at all, indisputably years prior to the commencement of the instant bankruptcy case;

(i) such alleged fraud as just described pertains to a matter that—and thus such alleged fraud itself—is entirely unrelated to, and thus has nothing to do with, the bankruptcy process in general or, in particular, any of the grounds for a denial or revocation of a Chapter 7 discharge as set out in 11 U.S.C. § 727(a); and

(j) such alleged fraud, as a matter of law, consequently cannot constitute a ground for denial or revocation of the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a);

the Court determines that it shall issue an order that grants, in part, Wisler's motion, and denies with prejudice, in part, the same motion, as follows:

(a) Wisler's motion shall be **DENIED WITH PREJUDICE** to the extent that Wisler thereby seeks (i) relief from the automatic stay because, as set forth above, such request is now moot, and (ii) to obtain a denial or revocation of the Debtor's Chapter 7 discharge because, as set forth above, Wisler, as a matter of law, lacks a viable basis for obtaining the same; and

(b) Wisler's motion shall be **GRANTED to a limited extent** such that any domestic support obligation owed by the Debtor to Wisler and any equitable award of marital/non-marital property determined by the Court of Common Pleas of Beaver County, Pennsylvania is henceforth determined to be non-dischargeable.

The Court shall, upon the entry of the instant Memorandum and accompanying Order of Court, immediately enter once again, by separate order, the Final Decree that closes out the instant bankruptcy case.

### *ORDER OF COURT*

**AND NOW,** this **10th day of March, 2008,** for the reasons set forth in the accompanying Memorandum of same date, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the motion of Wendy Wisler is **granted, in part, and denied with prejudice, in part,** as follows:

(a) Wisler's motion is **DENIED WITH PREJUDICE** to the extent that Wisler thereby seeks (i) relief from the automatic stay because such request is now moot, and (ii) to obtain a denial or revocation of the Debtor's Chapter 7 discharge because Wisler, as a matter of law, lacks a viable basis for obtaining the same; and

(b) Wisler's motion is **GRANTED to a limited extent** such that any domestic support obligation owed by the Debtor to Wisler and any equitable award of marital/non-marital property determined by the Court of Common Pleas of Beaver County, Pennsylvania is henceforth determined to be non-dischargeable.